**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

LEDLO A. GILLINGS,

Petitioner,

v.

ALLEN GANG, WARDEN,

Respondent.

Civil Action No.: PWG-20-2488

**MEMORANDUM OPINION**

Ledlo Gillings (Petitioner or Gillings) has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Respondent asserts that the petition is time-barred and must be dismissed. ECF No. 7. Petitioner, who is self-represented, filed Motions for Extension of Time, to Appoint Counsel and to Grant Equitable Tolling in response to the answer. ECF No. 10-12. His Motion for Extension of Time shall be granted. His Motion to Grant Equitable Tolling, shall be denied for the reasons explained below. .

Regarding Gillings' Motion to Appoint Counsel, there is no Sixth Amendment right to counsel to pursue a petition for collateral relief. *See Pennsylvania v. Finely*, 481 U.S. 551, 555 (1987). A court may provide counsel for an indigent inmate pursuing a petition for habeas corpus when "the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). Rule 8(c) of the *Rules Governing § 2254 Cases in the United States District Courts* provides that a court must appoint counsel "[i]f an evidentiary hearing is warranted." "In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). To be entitled to federal

habeas relief, "[t]he question . . . is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Id.*, citing *Williams v. Taylor*, 529 U.S. 362, 410 (2000). The Court finds no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases* and Local Rule 105.6 (D. Md. 2018); *see also Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. § 2254(e)(2)). The Motion to Appoint Counsel shall therefore be denied.

**Background**

On January 20, 2006, after a two-day bench trial in the Circuit Court for Baltimore County, Gillings was found guilty of operating as a drug kingpin; possession with intent to distribute cocaine "large amount;" possession with intent to distribute cocaine; possession of cocaine; and importing cocaine into the State of Maryland. *See* ECF No. 7-1 at 49 (post-conviction decision). On April 24, 2006, Gillings was sentenced to an aggregate term of 85 years with the first 40 years to be served without possibility of parole. *Id.*

On May 11, 2006, Gillings filed a direct appeal to the Maryland Court of Special Appeals asserting that the evidence was insufficient to support his convictions and that the trial court erred when it denied his request to discharge counsel at sentencing. ECF No. 7-1 at 34 (Court of Special Appeals unpublished opinion). In an unpublished opinion dated December 23, 2008, the appellate court found that the evidence was sufficient and that the trial court did not abuse its discretion in denying Gillings' request to discharge counsel. *Id.* at 42, 48.

Gillings also filed a request for review of his sentence by a three-judge panel and a motion for modification or reduction of sentence on May 12, 2006. ECF No. 7-1 at 23-24. The motion

for modification was denied on May 17, 2006. *Id*. at 23. The three-judge panel review determined Gillings' sentence should remain unchanged on August 7, 2006. *Id*. at 22.

On June 14, 2007, Gillings filed a petition for writ of error *coram nobis*, which was denied on July 12, 2007. ECF No. 17-1 at 19-20.

On February 2, 2010, Gillings filed a "Petition to Strike Plaintiff's case, Indictment." ECF No. 7-1 at 14. The petition was denied on February 16, 2010. *Id*.

Over six-years later on April 25, 2016, Gillings filed a petition for post-conviction relief. ECF No. 7-1 at 9. After a hearing on December 6, 2017, the post-conviction court denied relief in a written opinion and order signed on January 9, 2018. *Id*. at 49-65. Gillings filed an application for leave to appeal the denial of post-conviction relief on February 7, 2018. The Court of Special Appeals denied the application on May 7, 2018. *Id*. at 2-3.

Gillings also filed a petition for writ of habeas corpus in the Circuit Court for Baltimore County on January 31, 2020, which was denied on February 5, 2020. ECF No. 7-1 at 2.

Gillings' Petition for Writ of Habeas Corpus filed in this Court is post-marked August 6, 2020 and is considered "filed" as of that date. ECF No. 1 at 6. He asserts in his petition that the indictment against him was defective because it violated the Maryland Constitution, Declaration of Rights, Articles 21 and 24; his sentence violates the Fourteenth Amendment to the United States Constitution; and that trial counsel rendered ineffective assistance of counsel. ECF No. 1-1 at 12, 19, 25.

**Discussion**

A one-year statute of limitations applies to habeas petitions in non-capital cases for a person convicted in a state court. *See* 28 U.S.C. § 2244(d). This section provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the

> judgment of a State court. The limitation period shall run from the latest of-
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

"[T]he one year limitation period is also subject to equitable tolling in 'those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party and gross injustice would result.'" *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)). To be entitled to equitable tolling, a federal habeas petitioner must establish that either some wrongful conduct by Respondents contributed to his delay in filing his petition or that circumstances beyond his control caused the delay. *See Harris*, 209 F.3d at 330.

On January 22, 2009, the Court of Special Appeals issued its mandate affirming Gillings' conviction. The time for seeking further review in the Maryland Court of Appeals expired on February 6, 2009. *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012); Md. Rule 8-302(a). The one-

year limitations period for filing a federal habeas petition began running on February 6, 2009 and expired one-year later on February 8, 2010. Gillings did not "properly file" any requests for collateral review prior to the expiration of the one-year period, meaning there is no basis for statutory tolling of the filing deadline under 28 U.S.C. § 2244(d).

In apparent recognition that his petition was not timely filed, Gillings filed a Motion for Equitable Tolling with his petition, which he renewed with his response to the limited answer. ECF No. 3 & 12. In support of that request, Gillings asserts that the Circuit Court for Baltimore County violated his right to due process when it summarily denied his petition for writ of habeas corpus without a hearing. ECF No. 12 at 1-2; ECF No. 1-18 at 3 (marginal order denying State habeas petition). He claims there is no legal basis for denying a petition for writ of habeas corpus in this manner. ECF No. 12 at 2. He also states that his trial attorney knew the entire criminal case against him was a "sham" because counsel knew Gillings was not a drug kingpin. *Id*. In Gillings' view, the indictment was defective because he was improperly charged, and his appellate counsel was responsible for correcting all defects but did not do so. *Id*. Gillings claims that the State's Attorney committed "fraud on the courts" and Gillings' counsel did nothing to correct the matter because they were incompetent or siding with the State. *Id*. Gillings believes that because he cannot receive fair consideration of his claims in State court, this Court's responsibility is to allow his Petition to proceed. *Id*. at 3. He explains that the sentence he received is tantamount to a death sentence and that he "will die in prison over 'fraud made on the courts.'" *Id*.

A habeas petitioner "is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The *Holland* case involved a death-row inmate who

repeatedly contacted counsel instructing him to file a 2254 petition, but counsel remained unresponsive to the multiple requests. *Id*. at 641-2. The extraordinary circumstances present in the *Holland* case, which the Court characterized as "serious instances of attorney misconduct" reaching beyond "garden variety excusable neglect," warranted an equitable tolling of the filing deadline. *Id.* at 652.

Here, Gillings raises a conclusory claim that there has been a fraud committed on the State court seemingly because he does not agree that he is a "drug kingpin." He does not assert that his trial or appellate counsel abandoned him, ignored his reasonable requests, or otherwise breached a promise to pursue a cognizable legal claim on his behalf. Rather, he simply takes issue with their "failure to fix" the defects Gillings perceives in his criminal case. Even if Gillings could establish that his attorneys abandoned him and caused him to miss the deadline for filing a federal habeas petition, there is no evidence that Gillings has been diligently pursuing relief. Gillings does not dispute that there is a 10-year gap between the expiration of the limitations period and his filing of this § 2254 petition for federal habeas relief. A decade of inattention is inconsistent with a finding that Gillings has been diligent, nor has he provided anything to this Court suggesting that he was in some manner prevented from meeting the federal habeas filing deadline. The petition must be dismissed as untimely.

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Petitioner may still request that the United States Court of

Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

A separate Order follows.

4/29/2021___________ ___________/s/_____________________
Date Paul W. Grimm
United States District Judge